UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE OBIOHA & PIUS OBIOHA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4059** |
| **AIG PROPERTY CASUALTY COMPANY AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** | **JUDGE JAY ZAINEY** <br> **SECTION "A"(2)** |

### ORDER AND REASONS

The following motion is before the Court: **MOTION to Compel** *Appraisal* **(Rec. Doc. 20)** filed by Plaintiffs Pius and Catherine Obioha. The motion is before the Court on the briefs without oral argument. For the following reasons, the motion is DENIED.

The motion is based on the Plaintiffs' attempt to compel the Defendant into the appraisal of the Plaintiffs' residential property that was damaged in 2021 by Hurricane Ida. The Defendant issued a homeowner's insurance policy ("the policy") to the Plaintiffs on April 16, 2021, which was valid on August 29, 2021, while Hurricane Ida ravaged the Greater New Orleans area and the Plaintiffs' property. The parties have attempted to resolve the amount of loss to the property through mediation but have been unsuccessful. As a result, the Plaintiffs have formally requested the Defendant to agree to an appraisal, which the Defendant declined three times. The parties are asking the Court to determine whether the language in the policy requires both parties to agree to submit to an appraisal, or whether the revised Code provision of the Louisiana Insurance Code §22:1892(G) applies retroactively to the policy.

§22:1892(G) at the time of the formation of the policy did not require insurance policies to include the specific language regarding one party's right to compel appraisal. The statute now

requires all homeowner's insurance policies created after January 1, 2022, to contain specific language stating:

> Appraisal. If you and this Company fail to agree as to the amount of loss, either party may demand that the amount of the loss be set by appraisal. If either party makes a written demand for appraisal, each party shall select a competent appraiser and notify the other party of their appraiser's identity within twenty days of receipt of the written demand for appraisal.

The newly revised statute is in direct contradiction to the policy between the parties that existed in 2021. In the policy, the language clearly states that *both* parties must agree to an appraisal. The plaintiffs argue that the revised statute should apply retroactively to the policy at issue. However, if the Court looks to the 2023 revision of the statute, the Louisiana legislature included a cut-off date of January 1, 2022, for all policies going forward to include the language stated above. As the language in the policy in question was at the time the parties agreed to the policy and since it is not against public policy, the Court must follow the appraisal provision as it was clearly stated in the policy and DENY the Plaintiffs' motion.

**ACCORDINGLY;**

    **IT IS ORDERED** that Plaintiffs' **MOTION to Compel** *Appraisal* **(Rec. Doc. 20)** is **DENIED**.

    New Orleans, Louisiana, this 23rd day of August 2023.

_____
**UNITED STATES DISTRICT JUDGE**