UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE OBIOHA ET AL. | * | CIVIL ACTION NO. 22-4059 |
| | * | |
| VERSUS | * | SECTION: "A"(2) |
| | * | |
| AIG PROPERTY CASUALTY COMPANY ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Strike Plaintiffs' Demand for Jury Trial (Rec. Doc. 53)** filed by Defendant, AIG Property Casualty Company ("AIG").[1] The plaintiffs, Catherine and Pius Obioha, oppose the motion. The motion, submitted for consideration on July 10, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the **Motion to Strike Jury Demand** is **DENIED**.

This suit arises from damages to the plaintiffs' home, caused by Hurricane Ida. Their home, located in New Orleans, is covered by a homeowner's insurance policy issued by the defendant. (Rec. Doc. 1-2, ¶¶ 5-6). Ida caused damage to the roof, walls, ceiling, windows, and structural integrity, and, upon discovery, the plaintiffs reported the loss. (*Id.* ¶¶ 10-11). The plaintiffs assert that, despite satisfactory proof of loss, AIG failed to sufficiently cover the losses under the policy. (*Id.* ¶¶ 14-15). Accordingly, the plaintiffs asserted causes of action for breach of insurance contract and bad faith. (*Id.* ¶¶ 26, 28-48), and filed suit in the Civil District Court for the Parish of Orleans on August 26, 2022. (*See generally* Rec. Doc. 1-1).

---

[1] The motion was initially joined by National Union Fire Insurance Company, but that party has since been dismissed from the lawsuit. (Rec. Doc. 61).

1

On October 20, 2022, the defendants removed the case to this Court on the grounds that diversity of citizenship jurisdiction existed. (Rec. Doc. 1). The matter entered the Ida CMO, and returned to the docket on July 5, 2023. (*See* Rec. Doc. 17). A scheduling conference took place on September 20, 2023 (*See* Rec. Doc. 29), after which, on that same day, the plaintiffs filed an *Ex Parte*/Consent Motion for Demand for Trial by Jury. (Rec. Doc. 30). Because the motion did not certify that the defendants consented to the relief requested, the Court granted the request but provided that it was without prejudice to the opposing party to move to strike the demand if it deemed it inappropriate. (Rec. Doc. 33).

Five months later, in February of 2024, the parties jointly moved for an extension of deadlines and to continue trial. (Rec. Doc. 38). The Court granted this continuance (Rec. Doc. 40) and requested a joint proposed case management order, which was filed into the record on March 12, 2024. (Rec. Doc. 42). The Court amended the case management order and entered it on March 19, 2024, reflecting that a jury trial would take place on October 28, 2024. (Rec. Doc. 45). On June 13, 2024, the defendants moved to strike the plaintiffs' demand for a jury trial, arguing that it was not timely filed and that, because the Court had granted the request for jury demand without prejudice to the defendants to later challenge it, the motion to strike was timely and appropriate. In response, the plaintiffs argue that the defendants failed to object at the scheduling conference to the plaintiffs' notice that they would seek a jury demand, and that the defendants waited until four months before trial to strike the demand.

Under Federal Rule of Civil Procedure 38(b), a party must serve the other parties with a written demand of a jury trial "no later than 14 days after the last pleading directed to the issue is served." It is undisputed that the plaintiffs failed to file their jury demand on time. Therefore, they moved under Rule 39(b) to file their jury demand. The motion came the day of the

scheduling conference, at which the plaintiffs allegedly stated their intent to file a jury demand and the defendants did not object. (*See* Rec. Doc. 56, at 3). The Court granted the motion without prejudice to the defendants to challenge the demand, to ensure that the defendants had an opportunity to oppose the jury demand if they felt it was necessary.

The defendants cite case law in support of their position that the jury demand was untimely and improper, including some cases finding that mere inadvertence to file the demand on time does not protect a party from waiver of the right to trial. (Rec. Doc. 53-1, at 4). In further support of their motion, the defendants provide the five factors that a court should consider in determining whether a Rule 39(b) jury demand should be permitted: (1) whether the case involves issues best handled by a jury; (2) whether a grant of the motion would disrupt the court's schedule or that of another party; (3) the degree of prejudice to the adverse party; (4) the length of delay in having requested a jury trial; and (5) the reason for their tardiness in requesting the trial. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Certainly, had the defendants filed this motion to strike within a reasonable time of the order granting leave to file the jury demand, some of these arguments may have been persuasive. However, the defendants, rather than move to strike the jury demand once the motion was granted, or even at the time they signed a joint case management order that included a jury trial, elected to wait nine months (and four months before trial) to move for relief. In support of their argument, they state that they prepared for a bench trial for nine months—from the filing of their answer until the filing of the jury demand in September of 2023.[2] However, for the nine months since the jury demand, the parties and the Court have proceeded under the assumption that the

---

[2] The case was subject to the Ida CMO for much of this time, and returned to the docket on July 5, 2023, a bit over two months before the jury demand was accepted by the Court.

3

matter would be tried by a jury, and the defendants filed the motion to strike on the eve of trial.[3] In fact, many of the considerations that once may have weighed in favor of the defendants had they filed their motion to strike more contemporaneously with this Court's order in September of 2023 now weigh against them. For instance: a grant of this motion could very well cause a shift in the Court's schedule, which has presumed that this matter would be tried by a jury; a grant of this motion would prejudice the plaintiffs, who have proceeded for nine months believing the matter would be tried by a jury; and nine months have passed since the jury demand was permitted, but no reason has been provided as to why the defendants have waited so long to request this relief.

The Court is not persuaded that it is in the interest of justice to strike the jury demand this late in litigation. The Court is further concerned about the appearance of forum shopping should it permit the parties to strike the jury demand so late.

Accordingly;

**IT IS ORDERED** that the **Motion to Strike Jury Demand (Rec. Doc. 53)**, filed by Defendants, is **DENIED**.

August 6, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] The dispositive motion deadline was July 23, 2024, and the discovery cutoff is August 30, 2024.