UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE OBIOHA ET AL. | * | CIVIL ACTION NO. 22-4059 |
| | * | |
| VERSUS | * | SECTION: "A"(2) |
| | * | |
| AIG PROPERTY CASUALTY COMPANY ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion in Limine to Exclude Tim Kinyomi and Taiwo Adejare as Experts (Rec. Doc. 63)** filed by Defendant, AIG Property Casualty Company ("AIG"). Plaintiffs, Catherine and Pius Obioha, oppose the motion. The motion, submitted for consideration on August 7, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, AIG's **Motion in Limine** is **DENIED**.

This suit arises from damages to the plaintiffs' home caused by Hurricane Ida. Their home, located in New Orleans, is covered by a homeowner's insurance policy issued by AIG. (Rec. Doc. 1-2, ¶¶ 5-6). The plaintiffs allege that Ida caused damage to the roof, walls, ceiling, windows, and structural integrity of the home, as well as incidental damage to personal property. Upon discovery, the plaintiffs reported the loss. (*Id.* ¶¶ 10-11). The plaintiffs assert that, despite satisfactory proof of loss, AIG failed to sufficiently cover the losses under the policy. (*Id.* ¶¶ 14-15). Accordingly, the plaintiffs filed suit in Civil District Court for the Parish of Orleans on August 26, 2022 (Rec. Doc. 1-1), asserting causes of action for breach of insurance contract and bad faith. (*Id.* ¶¶ 26, 28-48). On October 20, 2022, the defendants removed the case to this Court on the grounds that diversity of citizenship jurisdiction exists. (Rec. Doc. 1). On August 6, 2024, the Court denied AIG's motion to strike the plaintiffs' jury demand. (Rec. Doc. 77).

AIG has moved in limine to exclude two of the plaintiffs' proposed experts, both of whom are affiliated with Bokas Building, on the grounds that their report contains no opinions as to causation. Instead, the report lists observations and recommended repairs pursuant to Obioha's instruction that they investigate the property and produce a building and structural damage report detailing the damages caused by rain and wind destruction from Ida. AIG argues that the opinions are irrelevant and prejudicial absent an opinion as to causation of the damages.

Having reviewed the report, this Court is satisfied that the causation issues raised by AIG go to the weight of the evidence. The report is described as a general building and structural report of damages due to Hurricane Ida. (Rec. Doc. 63-5, at 2). Upon retaining Bokas, Obioha informed the proposed experts of the purpose of the consultation and the type of damages they were to document. They conducted their review of the property specifically in search of hurricane damages.

Additionally, throughout the report, the experts—one of whom is an engineer—opine regarding causation of damage. For instance, they included the following statements, paired with photographs: "winds had initiated a suction or tried to detach the windows from the building"; "there were a lots [*sic*] of crack openings due to the wind driven rain"; "[w]e noticed some cracks on the stucco that was caused [*sic*] by water penetration and swelling due to moisture build-up around the cracked areas"; and "[t]he storage room appears to have been flooded due to the wind driven rain." (Rec. Doc. 63-5, at 4, 8). To be sure, the report never explicitly states that Hurricane Ida caused the damage. However, the investigation was performed on September 23, 2021, within one month of the hurricane, and the experts were instructed to observe damages to the property caused by hurricane-force winds and rain. (*Id.* at 1). The experts may testify as to the extent of damage by water, wind, and wind-driven rain, as discussed in their expert report.

AIG may subject the experts to vigorous cross-examination, if it chooses. However, this Court is satisfied that Bokas Builders has satisfied the relevance requirement of *Daubert*. Of course, the plaintiffs have the burden of proving causation.

Finally, the Court does not agree with AIG that the potential for prejudice by admitting this testimony substantially outweighs the probative value of the testimony. However, this Court will limit testimony to the four corners of the expert report.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine (Rec. Doc. 63)**, filed by Defendant, AIG Property Casualty Company, is **DENIED**.

August 27, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE