UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE OBIOHA ET AL. | * | CIVIL ACTION NO. 22-4059 |
| | * | |
| VERSUS | * | SECTION: "A"(2) |
| | * | |
| AIG PROPERTY CASUALTY COMPANY ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 68)** filed by Defendant, AIG Property Casualty Company ("AIG"). The plaintiffs, Catherine and Pius Obioha, oppose the motion. The motion, submitted for consideration on August 7, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the **Motion for Partial Summary Judgment** is **GRANTED IN PART AND DENIED IN PART**.

### I.     Background

This suit arises from damages to the plaintiffs' home caused by Hurricane Ida. Their home, located in New Orleans, is covered by a homeowner's insurance policy issued by AIG. (Rec. Doc. 1-2, ¶¶ 5-6). The plaintiffs allege that Ida caused damage to the roof, walls, ceiling, windows, and structural integrity of the home, as well as incidental damage to personal property. Upon discovery, the plaintiffs reported the loss. (*Id.* ¶¶ 10-11). The plaintiffs assert that, despite satisfactory proof of loss, AIG failed to sufficiently cover the losses under the policy. (*Id.* ¶¶ 14-15). Accordingly, the plaintiffs filed suit in Civil District Court for the Parish of Orleans on August 26, 2022 (Rec. Doc. 1-1), asserting causes of action for breach of insurance contract and bad faith. (*Id.* ¶¶ 26, 28-48). On October 20, 2022, the defendants removed the case to this Court

1

on the grounds that diversity of citizenship jurisdiction exists. (Rec. Doc. 1). On August 6, 2024, the Court denied AIG's motion to strike the plaintiffs' jury demand. (Rec. Doc. 77).

AIG now moves for summary judgment on the following: (1) Plaintiffs' personal property/contents claim; (2) whether damages caused by surface water are covered; and (3) Plaintiffs' claims for landscaping damages. The Court considers these challenges below.

### II. Legal Standard

Summary judgment is proper where there is "no genuine dispute of material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). That is, it is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

### III. Discussion

*1. Plaintiffs' Personal Property/Contents Claim*

AIG first argues that the plaintiffs' personal property claim should be dismissed with prejudice on the grounds that the plaintiffs have admitted that there was no damage to personal property or contents. In support of its motion, it provides a portion of Pius Obioha's deposition, in which he was asked: "Did you, have you had any damage to the contents in your home?" (Rec. Doc. 68-6, Deposition of Pius Obioha, at 71:14-15). In response, Obioha stated: "No, we haven't, we haven't done that." (*Id.* at 71:16). AIG relies solely on this statement, styling it an admission, to request summary judgment of all claims of personal property loss. In opposition, the plaintiffs assert that Obioha's remark was clearly unrelated to that particular question, stating that it makes no grammatical sense. Instead, they argue that Obioha's response was to another question or was in anticipation of questions regarding the letter's contents. In support, they provide the following, more substantive, excerpt of the deposition:

> Q: Let me show you what I have labeled as Exhibit #4. A Letter dated December 2, 2021, from Madeline Smalling.
> A: That who [*sic*] I was, that's the name I was trying to . . .
> Q: And this is addressed to you and your wife.
> Q: Do you recall receiving this letter?
> A: I think, I think we've seen this letter here.
> Q: Did you, have you had any damage to the contents in your home?
> A: No, we haven't, we haven't done that.

> Q: And did you ever submit the forced evacuation receipts that were requested in this letter?
> A: I don't remember whether we did or not.

(*Id.* at 71:3-19). Obioha claims that he was referring to the contents of the letter, which stated that a content inspection and submission of forced evacuation receipts were pending.[1] He has also provided his own affidavit, which states that the answer cited by AIG was not in response to the question about content losses.[2]

When considering a motion for summary judgment, a court must draw all justifiable inferences in favor of the non-moving party. *TIG Ins. Co.*, 276 F.3d at 759 (citing *Anderson*, 477 U.S. at 255). Regardless of whether the affidavit was properly notarized, the grounds upon which AIG relies to dismiss this claim—an ambiguous statement during a deposition, at which counsel did not seek clarification—is not sufficiently clear to grant summary judgment, especially when viewed in favor of the Obiohas. Indeed, Obioha did not specifically state that they did not suffer content damages. AIG has not produced sufficient evidence to prove that there are no damages for personal property or contents, and therefore it has failed to carry its burden. Therefore, this portion of the Motion for Summary Judgment is **DENIED**.

2. *Plaintiffs' Property Damages Caused by Surface or Ground Water*

AIG next moves for summary judgment regarding damages caused by surface or ground water. In support, it provides the policy's "Surface and Ground Water" exclusion, which states that AIG does not cover loss caused by "[f]lood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind," and that it also does

---

[1] The final line of the excerpt negates any argument that the statement "we haven't done that" referred to whether the evacuation receipts were submitted, because Obioha states that he could not recall whether they were. However, he may have been referring to other portions of the letter, including whether a content inspection occurred.

[2] The Court notes that while the document is a self-proclaimed affidavit and begins with the statement "Before me, the undersigned notary, personally came and appeared in the presence of two competent witnesses," there is no signature or stamp by a notary, nor are there any signatures of witnesses. (*See generally* Rec. Doc. 75-4).

not cover loss from "[w]ater below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure." (Rec. Doc. 68-5, at 4). In response, Obioha contends that the damages were caused by "wind-driven water and/or water from the sky and roof of the building." (Rec. Doc. 75, at 5). No further evidence has been provided.

At this stage, the Court will not grant summary judgment on the basis that an exclusion bars a claim because water *may* have entered the house in a certain way. First, the burden is on the insurer to prove that an exclusionary clause applies. *Talley v. Blue Cross Blue Shield*, 760 So. 2d 1193, 1195 (La. App. 3 Cir. 5/3/00) (citing *Landry v. La. Hosp. Serv., Inc.*, 449 So. 2d 584 (La. App. 1 Cir. 1984)). AIG has failed to carry this burden, providing no evidence that the losses claimed by the Obiohas were the result of ground or surface water under the policy. Second, the source of the water that damaged the property is an issue of fact, best suited for a jury to decide. Neither party produced evidence in support of their position, and AIG has failed to carry its burden for summary judgment. Therefore, this portion of its Motion for Summary Judgment is **DENIED**.

3. *Plaintiffs' Claims for Landscaping Damages*

Finally, AIG requests that this Court grant summary judgment with respect to all claims for landscaping damages and resulting repairs. The policy covers certain amounts for losses of landscaping, which is defined as "your trees, lawn, shrubs, and other plants, not including forestry or brush, on the grounds of your residence." (Rec. Doc. 68-5, at 2). The landscaping provision states that AIG will only pay for losses caused by aircraft; fire, lightning, or explosion; riot or civil commotion; a vehicle not owned or operated by someone who lives at the residence; or theft, attempted theft, or malicious mischief. (*Id.* at 3). AIG notes that the plaintiffs have not

5

alleged that their landscaping was damaged in any of these limited ways; instead, they allege only that it was damaged by Hurricane Ida. In opposition, the Obiohas argue that "[p]ublic policy in Louisiana strongly favors broad interpretations of insurance coverage for homeowners, especially in areas prone to natural disasters such as hurricanes." (Rec. Doc. 75, at 5). The Obiohas do not otherwise argue that the landscaping was damaged by one of the covered causes.

The Obiohas' argument fails. "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 6/27/03) (citations omitted). Importantly, "[c]ourts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms." *Id.* (citations omitted). The Obiohas ask this Court to read into this agreement a public policy coverage for hurricanes. The policy clearly limits the situations in which landscaping damages are covered. There are no allegations, nor has any evidence been produced showing, that the landscaping was damaged by anything besides Hurricane Ida. Under the plain terms of the policy, the Obiohas cannot recover under the landscaping provision. Therefore, this portion of the Motion for Summary Judgment is **GRANTED**.

Accordingly;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 68)**, filed by Defendant, AIG Property Casualty Company, is **GRANTED IN PART AND DENIED IN PART**.

August 27, 2024

                                                  JAY C. ZAINEY
                                      UNITED STATES DISTRICT JUDGE