UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE OBIOHA ET AL. | * | CIVIL ACTION NO. 22-4059 |
| VERSUS | * | SECTION: "A"(2) |
| AIG PROPERTY CASUALTY COMPANY ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

## ORDER AND REASONS

The following motion is before the Court: **Motion in Limine to Exclude Experts Who Did Not Produce Timely Expert Reports (Rec. Doc. 67)** filed by Defendant, AIG Property Casualty Company ("AIG"). Plaintiffs, Catherine and Pius Obioha, oppose the motion. The motion, submitted for consideration on August 7, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, AIG's **Motion in Limine** is **GRANTED IN PART AND DENIED IN PART**.

This suit arises from damages to the plaintiffs' home caused by Hurricane Ida. Their home, located in New Orleans, is covered by a homeowner's insurance policy issued by AIG. (Rec. Doc. 1-2, ¶¶ 5-6). The plaintiffs allege that Ida caused damage to the roof, walls, ceiling, windows, and structural integrity of the home, as well as incidental damage to personal property. Upon discovery, the plaintiffs reported the loss. (*Id.* ¶¶ 10-11). The plaintiffs assert that, despite satisfactory proof of loss, AIG failed to sufficiently cover the losses under the policy. (*Id.* ¶¶ 14-15). Accordingly, the plaintiffs filed suit in Civil District Court for the Parish of Orleans on August 26, 2022 (Rec. Doc. 1-1), asserting causes of action for breach of insurance contract and bad faith. (*Id.* ¶¶ 26, 28-48). On October 20, 2022, the defendants removed the case to this Court

1

on the grounds that diversity of citizenship jurisdiction exists. (Rec. Doc. 1). On August 6, 2024, the Court denied AIG's motion to strike the plaintiffs' jury demand. (Rec. Doc. 77).

Relevant to this motion, the Scheduling Order states that written reports of experts for the plaintiffs were to be obtained and delivered to defense counsel no later than December 15, 2023. (Rec. Doc. 34, at 2). On December 15, 2023, the plaintiffs provided their third iteration of initial disclosures, but excluded five proposed expert witnesses who had been identified in previous iterations of initial disclosures. According to AIG, no expert report has been provided for three of those proposed experts: (1) Audubon Pest Control; (2) American Adjusting Group; and (3) Christian Carbajal.[1] Among these three proposed experts, the only document that has been provided is an estimate of damages provided by American Adjusting Group. Therefore, AIG requests that these experts be excluded for failure to satisfy Rule 26(a)(2)(B). In response, the Obiohas assert that they substantially complied with the discovery rules, including reference to the fact that American Adjusting Group is non-retained; that AIG has noticed the public adjuster for deposition and therefore any prejudice from a lack of an expert report is cured; and that AIG has had significant time to question the experts and retain rebuttal experts.

The Obiohas do not discuss Audubon Pest Control by name in their opposition; instead, they merely include the company in their general explanations under the Fifth Circuit's Rule 37(c) elements, claiming: (1) the expert testimonies are crucial; (2) the failure to provide disclosure was not willful, but due to misunderstanding or oversight; (3) that AIG has had adequate time to prepare for these experts after being provided their general opinions; and (4) that they are willing to supplement with any required information.[2] As to Audubon Pest Control,

---

[1] Because Carbajal has separately been excluded through AIG's motion to strike, the motion in limine is moot as it relates to Carbajal.

[2] Under *Hamburger v. State Farm Mutual Auto Insurance Co.*, courts consider the following four factors in determining whether to exclude expert testimony: (1) the party's explanation for failure to disclose; (2) the prejudice

this Court finds that there is no good cause for the lack of an expert report or any other disclosure of information. Not only did the plaintiffs fail to provide an official disclosure for Audubon, but Audubon was excluded from the final amended list of experts. Mere oversight or misunderstanding of the Rules of Civil Procedure does not excuse the lack of any disclosure, and it is not incumbent upon AIG to depose each potential expert in lieu of receiving information required by the Federal Rules. Indeed, there is "no reasonable explanation for failing to provide the expert report timely or to seek an extension before the deadline had passed," and "[a]llowing the witness to testify would [cause] prejudice and disrupt[] the trial proceedings." *Beasley v. U.S. Welding Serv., Inc.*, 129 F. App'x 901, 902 (5th Cir. 2005) (citations omitted). Further, "a continuance would not [deter] the dilatory behavior" causing the failure to submit these reports. *Id.* Therefore, the motion in limine is **GRANTED** as to Audubon Pest Control.

However, the Court is not convinced that American Adjusting Group is a retained expert. First, American entered its adjustment on August 9, 2022, more than two weeks before the Obiohas filed suit. (Rec. Doc. 67-6, at 1; Rec. Doc. 1-1). Presumably, the estimates were rejected by AIG, thus inducing the present suit. Further, American's adjustment was for an insured, Pius Obioha, pursuant to a claim number and policy number. (Rec. Doc. 67-1, at 1). There is no indication that American was hired for the purpose of serving as an expert. *See Mount Calvary Int'l Worship Ctr. v. Church Mut. Ins. Co.*, No. 22-4067, 2024 WL 3457543, at *3 (E.D. La. July 18, 2024) ("While a retained expert is recruited to provide expert testimony without any prior, personal knowledge of the facts giving rise to litigation, a non-retained expert's testimony arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." (quoting *O'Connor v. Allied Tr. Ins. Co.*, No. 23-218, 2023 WL

---

to the party opposing admission; (3) the possibility of curing prejudice with a continuance; and (4) the importance of the evidence. *Hamburger v. State Farm Mut. Auto Ins. Co*., 361 F.3d 875, 883 (5th Cir. 2004).

6589304, at *2 (E.D. La. Oct. 10, 2023))). Under Rule 26(a)(2)(C), a non-retained expert disclosure must only note the subject matter on which the witness is expected to present evidence and a summary of facts and opinions. Surely, the initial disclosures provided by the Obiohas and the lengthy adjuster's report satisfy these requirements.

The Court notes that AIG noticed the individual responsible for the American report for deposition on July 31, 2024. Such testimony should remedy any potential prejudice referenced by AIG. AIG is welcome to cross-examine this individual at trial as well. However, for the purposes of the discovery rules, this Court finds that American has satisfied Rule 26's disclosure requirements. Therefore, the motion in limine is **DENIED** as it relates to American Adjusting Group.

However, the Court notes that as to American Adjusting Group, the jury shall not be misled as to the witness's designation. While a representative of American Adjusting Group may provide lay testimony regarding his or her knowledge of the facts, he or she may not be referred to as an expert nor give an expert opinion, and shall not be considered to be providing expert testimony.[3] At this time, the Court makes no determination regarding the scope of the witness's testimony, as that issue is not before the Court.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine (Rec. Doc. 67)**, filed by Defendant, AIG Property Casualty Company, is **GRANTED IN PART AND DENIED IN PART**, as described above.

September 3, 2024

_____
JAY C. ZAINEY, UNITED STATES DISTRICT JUDGE

---

[3] The Court has referred to the adjuster as an "expert" throughout the order to match the briefing provided by the parties. This shall not be interpreted as establishing that this individual is, in fact, an expert.