UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE OBIOHA ET AL. | * | CIVIL ACTION NO. 22-4059 |
| | * | |
| VERSUS | * | SECTION: "A"(2) |
| | * | |
| AIG PROPERTY CASUALTY COMPANY ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| | * | |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Strike and Exclude Plaintiffs' Proposed Experts (Rec. Doc. 66)**, **Motion in Limine to Exclude Plaintiffs' Proposed Expert Don Cook (Rec. Doc. 64)**, and **Motion in Limine to Exclude Plaintiffs' Proposed Expert Paulo Lopes (Rec. Doc. 65)**, all filed by Defendant, AIG Property Casualty Company ("AIG"). The plaintiffs, Catherine and Pius Obioha, oppose the motions. The motions, all submitted for consideration on August 7, 2024, are before the Court on the briefs without oral argument. For the reasons that follow, the **Motion to Strike** is **GRANTED IN PART AND DENIED IN PART**. Both **Motions in Limine** are **DENIED**.

This suit arises from damages to the plaintiffs' home caused by Hurricane Ida. Their home, located in New Orleans, is covered by a homeowner's insurance policy issued by AIG. (Rec. Doc. 1-2, ¶¶ 5-6). The plaintiffs allege that Ida caused damage to the roof, walls, ceiling, windows, and structural integrity of the home, as well as incidental damage to personal property; upon discovery, the plaintiffs reported the loss. (*Id.* ¶¶ 10-11). The plaintiffs assert that, despite satisfactory proof of loss, AIG failed to sufficiently cover the losses under the policy. (*Id.* ¶¶ 14-15). Accordingly, the plaintiffs filed suit in Civil District Court for the Parish of Orleans on August 26, 2022 (Rec. Doc. 1-1), asserting causes of action for breach of insurance contract and

1

bad faith. (*Id.* ¶¶ 26, 28-48). On October 20, 2022, the defendants removed the case to this Court on the grounds that diversity of citizenship jurisdiction exists. (Rec. Doc. 1). On August 6, 2024, the Court denied AIG's motion to strike the plaintiffs' jury demand. (Rec. Doc. 77).

   1. *Motion to Strike*

The Court first considers AIG's motion to strike, as its disposition may moot the motions in limine. AIG has moved to strike five proposed experts, arguing that none of them produced expert reports in accordance with Rule 26(a)(2)(B). The scheduling order required that the plaintiffs provide written reports of experts no later than December 15, 2023. (Rec. Doc. 34). The order is silent as to disclosures of non-retained expert disclosures under Rule 26(a)(2)(C). On December 15, 2023, the plaintiffs provided an "Amended Plaintiffs Rule 26(a)(1) Initial Disclosures," in which they listed five potential expert witnesses: Osman Molina, Don Cook, Eric Sylvan, Paulo Lopes, and Christian Carbajal. (Rec. Doc. 66-4, at 2). The first four of these witnesses provided affidavits of their opinions and qualifications, but did not provide an expert report. Carbajal provided no documentation. On this basis, AIG claims that all five experts should be stricken. The Obiohas object, contending that the experts are non-retained and therefore fall within Rule 26(a)(2)(C) and do not require expert reports. (Rec. Doc. 71). They also argue that AIG was not prejudiced by the failure to provide expert reports, and requests that the Court grant time to the plaintiffs to supplement in the event their disclosures were insufficient. (*Id.*).

As an initial matter, Carbajal produced no documentation or statement regarding his opinions. The disclosures stated that he would testify "as to the post-storm condition and repair to the landscape on the Exterior of the home." (Rec. Doc. 66-4, at 2). The Obiohas contend that the factors set forth in *Hamburger v. State Farm Mutual Auto Insurance Co.* weigh in favor of

allowing the testimony. The *Hamburger* case set forth the following four factors for deciding whether to exclude expert testimony: (1) the party's explanation for failure to disclose; (2) the prejudice to the party opposing admission; (3) the possibility of curing prejudice with a continuance; and (4) the importance of the evidence. *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). The Obiohas have provided no explanation for the failure to disclose information regarding Carbajal, except stating that it was due to "oversight or misunderstanding of the requirements." (Rec. Doc. 71, at 5). The matter is set for trial on October 28, 2024; the Court does not intend to continue trial due to failure to produce required disclosures, and it is apparent that AIG was prejudiced by not being provided substantive information regarding Carbajal.[1] Finally, the testimony here, as far as the Court understands, would no longer be relevant following the Court's ruling on the Motion for Partial Summary Judgment dismissing the plaintiffs' landscaping claims. Accordingly, the motion to strike is **GRANTED** as to Christian Carbajal.

The next three experts, Paulo Lopes, Eric Sylvan, and Osman Molina, each provided an affidavit outlining their general opinions and experience. AIG contends that none of these affidavits satisfy the requirements of Rule 26(a)(2)(B). In response, the Obiohas assert that the experts are non-retained. "While a retained expert is recruited to provide expert testimony without any prior, personal knowledge of the facts giving rise to litigation, a non-retained expert's testimony arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *Mount Calvary Int'l Worship Ctr. v. Church Mut. Ins. Co.*, No. 22-4067, 2024 WL 3457543, at *3 (E.D. La. July 18, 2024) (quoting *O'Connor v. Allied Tr. Ins. Co.*, No. 23-218, 2023 WL 6589304, at *2 (E.D. La. Oct. 10, 2023)).

---

[1] Although the Court notes that AIG has had nine months to depose or otherwise move to strike Carbajal, the fact that no documentation was produced strikes the Court as particularly problematic, when compared to the other experts.

"The distinction between retained and non-retained experts should be interpreted in a common sense manner." *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 474161, at *4 (E.D. La. Feb. 16, 2022) (citations omitted).

Having reviewed the affidavits of these three experts, it is clear to the Court that they were not retained for the purposes of this litigation. Paulo Lopes was "hired by Pius Obioha to make permanent repairs to the dangerous trip hazard created by Hurricane Ida." (Rec. Doc. 66-8, at 1). Eric Sylvan was the general contractor for the construction of the Obiohas' home, and "arrived at the family home in mid-September of 2021 to assess the damage" caused by Hurricane Ida after Obioha contacted him. (Rec. Doc. 66-7, at 2-3). Osman Molina "was hired as a Contractor tasked to complete temporary repairs and other storm related damage mitigation" at the Obiohas' home. (Rec. Doc. 66-5, at 1). Clearly, none of these individuals were retained to act as experts; rather, they were hired prior to litigation to perform repairs or survey the home. Therefore, they must satisfy the more lenient Rule 26(a)(2)(C), which merely requires a disclosure stating (1) the subject matter on which they will present evidence and (2) a summary of the facts and opinions to which they will testify. Each of these affidavits provides at the least (1) the individual's experience, (2) why they were retained, (3) the facts underlying their testimony, and (4) conclusions regarding those facts. The affidavits satisfy Rule 26(a)(2)(C). Therefore, the motion to strike is **DENIED** as to Paulo Lopes, Eric Sylvan, and Osman Molina.

However, the Court notes that as to each of Paulo Lopes, Eric Sylvan, and Osman Molina, the jury shall not be misled as to the witnesses' designations. While these individuals may provide lay testimony regarding their knowledge of the facts, they may not be referred to as experts nor give expert opinions, and shall not be considered to be providing expert testimony.[2]

---

[2] The Court has referred to these individuals as "experts" throughout the order to match the briefing provided by the parties. This shall not be interpreted as establishing that these individuals are, in fact, experts.

4

The witnesses shall not provide testimony relating to causation, but only to facts that they observed.

Finally, AIG moves to strike Don Cook's testimony on the same basis as the above witnesses. Having reviewed Cook's affidavit, he is clearly a retained expert: he was hired two years following Ida, performed no work on the roof, and was tasked with providing video documentation of the roof damage. (Rec. Doc. 66-6, at 2). His affidavit does not meet the requirements of a written report under Rule 26(a)(2)(B), as it does not have a full statement of his basis and reasons for his conclusions and opinions; it does not contain all facts or data considered; it does not provide a detailed list of qualifications; it does not list whether he has previously testified as an expert; and there is no statement of compensation. (*See generally* Rec. Doc. 66-6). However, the Court is unwilling to strike Cook so near to trial.

As described above, the factors to consider for exclusion of an expert are (1) explanation for failure to identify; (2) importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) availability of a continuance. *Hamburger*, 361 F.3d at 883. As to the first, the Obiohas disclosed Cook's designation to AIG and have noted that he is non-retained. Unlike Carbajal, Cook provided an affidavit that would satisfy 26(a)(2)(C); here, the plaintiffs merely misidentified him as non-retained. Second, the testimony is important to understanding the damages to the roof, and the required repairs to the roof. Third, AIG has identified no potential prejudice; in fact, AIG has deposed Cook and therefore has been notified of his opinions. Finally, a continuance is not available to remedy the lack of an expert report; however, the Court notes that this disclosure occurred nine months ago, and AIG waited to move to strike until two months before trial. The Court believes that the issues introduced by the Obiohas' failure to

5

produce an expert report for Cook do not rise to the level that he should be stricken. Therefore, the motion to strike is **DENIED** as it relates to Don Cook.

  2. *Motion in Limine to Exclude Don Cook*

AIG has separately moved in limine to exclude Don Cook under Rule 702 and *Daubert*, specifically challenging his qualifications. In support, AIG cites case law stating that courts should look to whether "the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (quoting Fed. R. Evid. 702). During Cook's deposition, Cook answered that his self-described "extensive experience" with terra cotta roofs was based on three occasions where he worked with such roofs, and he admitted that he is not an expert in terra cotta roofs. (Rec. Doc. 64-1, at 4; Deposition of Don Cook, at 20:16-21; Deposition of Don Cook, at 19:6-8). Accordingly, because his experience with this unique type of roofing is not significant, AIG requests that his testimony be excluded. In opposition, the Obiohas contend that his expertise is sufficient to qualify as an expert in roofing, and that AIG's challenges go to the credibility of the expert. This Court agrees with the Obiohas.

The Court accepts that Cook explicitly states that he is not an expert in terra cotta roofs, and it is apparent that Cook does not have extensive experience in that particular form of roofing.[3] However, as the Obiohas' disclosures make clear, Cook was listed as an "[e]xpert in construction and roofing," and was hired to provide "an opinion of the Roof's condition and video inspection documenting the entire Roof." (Rec. Doc. 64-4, at 2). The Court believes that Cook is sufficiently qualified to provide an expert opinion in roofing. His affidavit states that he

---

[3] As AIG points out, Cook testified that he put on three such roofs—two before 1997, and one right before COVID. (Deposition of Don Cook, at 20:16-21). Cook also conducted seven or eight demos of such roofs following Katrina. (*Id.* at 19:3-5).

6

has worked in the housing construction industry for over twenty-six years. (Rec. Doc. 64-5, at 1). He has a trade in carpentry and, upon completion of trade school, he began working with his father, a contractor. (Deposition of Don Cook, at 10:9-11:17). Following his father's retirement, Cook took control of his father's business, which performs "[r]esidential remodeling, demo, rehab, roofing, [and] framing." (*Id.* at 11:19-12:10). His roofing experience covers "all types of roof shingle." (*Id.* at 14:20-24). The Court is satisfied that Cook's twenty-six years of experience in the roofing business qualifies him as an expert in roofing under *Daubert*. To the extent that AIG would like to challenge Cook's credibility regarding his terra cotta roofing experience, it may do so through cross-examination. However, such issues speak solely to the weight of the testimony, and not to its admissibility. Cook satisfies the qualifications requirement of *Daubert*. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

      Therefore, AIG's motion in limine to exclude Don Cook is **DENIED**.

      3. *Motion in Limine to Exclude Paulo Lopes*

      Finally, AIG has moved in limine to exclude the plaintiffs' proposed expert, Paulo Lopes, for failure to provide an expert report. As described in Section 1, the Court finds Paulo Lopes to be a non-retained expert. Therefore, he need not provide the detailed expert report required under Rule 26(a)(2)(B). Instead, his disclosures are governed by Rule 26(a)(2)(C). As explained previously, this Court believes Lopes has satisfied the requirements under Rule 26(a)(2)(C).

      Therefore, AIG's motion in limine to exclude Paulo Lopes is **DENIED**.

      The Court reiterates that Paulo Lopes is not qualified as, and shall not be designated or identified as, an expert witness. He shall be referred to as a fact witness, and may only testify as to the facts that he observed.

      Accordingly;

**IT IS ORDERED** that the **Motion to Strike (Rec. Doc. 66)**, filed by Defendant, AIG Property Casualty Company, is **GRANTED IN PART AND DENIED IN PART**, as described above.

**IT IS FURTHER ORDERED** that the **Motion in Limine (Rec. Doc. 64)**, filed by Defendant, AIG Property Casualty Company, is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion in Limine (Rec. Doc. 65)**, filed by Defendant, AIG Property Casualty Company, is **DENIED**.

September 4, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE